**MANATT, PHELPS & PHILLIPS, LLP**
CHRISTINE M. REILLY (Bar No. CA 226388)
E-mail: CReilly@manatt.com
JOHN W. McGUINNESS (Bar No. CA 277322)
E-mail: JMcGuinness@manatt.com
KRISTIN E. HAULE (Bar No. CA 312139)
E-mail: KHaule@manatt.com
2049 Century Park East
Suite 1700
Los Angeles, California 90067
Telephone: 310.312.4000
Facsimile: 310.312.4224

*Attorneys for Defendant*
CHW GROUP, INC. DBA CHOICE HOME WARRANTY

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS ALMANZA, an individual; DEIDRE LOVE, an individual; and TANISHA WILLIAMS, an individual,<br><br>Plaintiffs,<br><br>v.<br><br>CHW GROUP, INC. dba CHOICE HOME WARRANTY a New Jersey corporation; PERFORM[CB] LLC, a Delaware limited liability company; and DOES 1-5,<br><br>Defendants. | No. 3:21-cv-01510-BAS-KSC<br><br>**DEFENDANT CHW GROUP, INC.'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT**<br><br>[*Filed concurrently with: Memorandum of Points and Authorities; Declaration of Brian S. Tretter; Declaration of A. Paul Heeringa*]<br><br>Courtroom: 4B<br>Hearing Date: January 10, 2022<br>Judge: Cynthia A. Bashant<br><br>**NO ORAL ARGUMENT UNLESS REQUESTED BY THE COURT** |

**TO PLAINTIFFS AND THEIR ATTORNEYS OF RECORD**

**PLEASE TAKE NOTICE THAT,** on January 10, 2022, or at such other date and time set by, and before the Honorable Cynthia A. Bashant, Defendant CHW Group, Inc., d/b/a Choice Home Warranty ("CHW"), will and does hereby move to dismiss, under Rules 8, 9(b), 10, 12(b)(2), and 12(b)(6) of the Federal Rules of Civil Procedure, the Complaint (*see* Dkt. 1-2, Item No. 2, hereafter "Complaint") filed by Plaintiffs Thomas Almanza, Deidre Love, and Tanisha Williams (collectively, "Plaintiffs")[1] in the above-captioned matter. Per the Court's standing order, no oral argument will occur unless ordered. This Motion is made on the following grounds:

**First**, this Court lacks personal jurisdiction over CHW. That is because CHW does not reside in California, does not conduct business in California, does not advertise or authorize anyone else (including defendant Perform[cb], LLC) to advertise to California residents, and has not purposefully directed any conduct giving rise to Plaintiffs' claims in California. Therefore, CHW should (and indeed must) be dismissed from this case under Rule 12(b)(2) at the very minimum.

**Second**, Plaintiffs' Complaint, which conflates and does not differentiate between the Defendants and their alleged wrongful acts, represents a classic "shotgun pleading" in violation of Rules 8 and 10. Courts in the Ninth Circuit have routinely dismissed such facially-defective pleadings in their entirety for this reason alone.

**Third**, claims sounding in "fraud"—including claims under California's anti-spam email statute (Cal. Bus. & Prof. Code § 17529.5) like Plaintiffs' here—must also meet the heightened pleading standards of Rule 9(b). Plaintiffs failed to do so and, therefore, their Complaint is also subject to dismissal in its entirety for this reason.

**Fourth**, Plaintiffs nevertheless fail to state a plausible claim under Section 17529.5 or to allege sufficient non-conclusory facts supporting such a claim and,

---

[1] As the Court will be notified, CHW and Plaintiff Love have resolved their differences. However, because the claims by Plaintiffs Williams and Almanza are still ongoing and have not been resolved, Plaintiff Love's allegations are addressed herein so that CHW may comply with its obligation to file a responsive pleading in this case.

1

NOTICE OF MOTION AND MOTION TO DISMISS

therefore, the Complaint is subject to dismissal under Rule 12(b)(6).  This is because, among other things, Plaintiffs do not allege: (i) that CHW sent the at-issue emails (and, in fact, concede CHW did not do so); (ii) facts supporting an inference that CHW is vicariously liable under California common law for any third party that did send them; or (iii) facts supporting other essential elements of their respective purported claims.

Thus, for all these reasons, CHW respectfully requests that the Court grant this Motion and dismiss CHW from this case.  And since amendment will not change that CHW is not subject to personal jurisdiction in California and would contradict Plaintiffs' current allegations (*i.e.*, that CHW does not "offer its services to California residents"), amendment would be futile and dismissal should be <u>with prejudice</u>.

This Motion is based on this Notice of Motion and Motion, the accompanying Memorandum of Points and Authorities and the attached Declarations and Exhibits, all documents properly subject to judicial notice, all other pleadings and papers filed or to be filed in this action, and any argument and other briefing and exhibits that may be presented to the Court if the Court orders a hearing on this Motion.

This Motion is made following the conference(s) of counsel that took place on August 23, 2021 and September 28, 2021, and at various points thereafter, via phone and email.

Dated: December 1, 2021  Respectfully submitted,

By: /s/ Kristin E. Haule
Christine M. Reilly
John W. McGuinness
Kristin E. Haule
MANATT, PHELPS & PHILLIPS LLP

*Counsel for Defendant*
*CHW GROUP, INC. DBA CHOICE*
*HOME WARRANTY*